**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-50069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC PAUL KRUEGER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-49-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eric Paul Krueger appeals his jury conviction for conspiracy to distribute and to possess with intent to distribute 50 or more grams of methamphetamine for which he was sentenced to life imprisonment. He argues that the evidence is insufficient to support his conviction. We will find the evidence sufficient to convict "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003) (internal quotation marks and citation omitted). Our "review of the sufficiency of the evidence does not include a review of the weight of the evidence or of the credibility of the witnesses." *Id.*

To prove a conspiracy to distribute a controlled substance, the Government must establish: (1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of an agreement; (3) the defendant's voluntary participation in the conspiracy; and (4) that the overall scope of the conspiracy involved the drug quantity charged. *United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2924 (2008). "[E]ach element of the crime may be established by circumstantial evidence." *United States v. Infante*, 404 F.3d 376, 385 (5th Cir. 2005). The jury may consider that some witnesses testified pursuant to immunity or plea agreements in determining credibility. *United States v. Burns*, 526 F.3d 852, 860 (5th Cir. 2008).

A review of the evidence indicates that a reasonable trier of fact could have found beyond a reasonable doubt that Krueger was guilty of conspiracy to possess with intent to distribute 50 or more grams of methamphetamine. *See Floyd*, 343 F.3d at 370. The trial evidence established the following. In 2006 and 2007, Rickey and Lavon Haggard made approximately five trips to Fort Worth, Texas, with Spencer Coker to purchase methamphetamine in quantities of one-half pound to two pounds. Coker purchased a total of approximately eight to ten ounces of methamphetamine from Krueger. Over the course of the conspiracy, Coker sold "pounds" or over five kilograms of methamphetamine, some of which he obtained from Krueger. Crystal Burchett and Jancy Cunningham testified that they were with Coker when he purchased methamphetamine from Krueger. Cunningham and Coker purchased methamphetamine from Krueger and Mike Gomez. Gomez testified that he had

known Krueger since 2005 and that he purchased methamphetamine from Krueger and subsequently sold methamphetamine to Krueger.

The Government presented evidence concerning these witnesses' prior convictions, plea agreements, and/or immunity agreements with the Government. Determining the credibility of these witnesses was within the sole province of the jury, and we do not review the credibility of the witnesses. *See United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994); *see also Floyd*, 343 F.3d at 370. Based on this evidence, a reasonable trier of fact could have found beyond a reasonable doubt that Krueger was guilty of conspiracy to possess with intent to distribute 50 or more grams of methamphetamine. *See Jimenez*, 509 F.3d at 689; *see also Floyd*, 343 F.3d at 370.

Krueger argues that the district court erred in admitting evidence of his prior convictions. He argues that a defendant does not necessarily raise intent as an issue merely by pleading not guilty. Krueger has not shown that the district court abused its discretion in admitting the evidence of his prior convictions to show intent. *See United States v. Gonzalez*, 76 F.3d 1339, 1347-48 (5th Cir. 1996). By pleading not guilty, Krueger raised the issue of intent sufficiently to permit the district court to admit the evidence of his prior convictions. *See id.* The district court determined that the probative value of Krueger's two prior convictions for delivery of a controlled substance outweighed the prejudicial effect and held that evidence of these convictions was admissible. Further, the district court minimized the danger of unfair prejudice by instructing the jury regarding the limited purposes for which it could consider the evidence of Krueger's prior convictions. *See United States v. Booker*, 334 F.3d 406, 411-12 (5th Cir. 2003).

The crime charged in the indictment differs from the description of the crime set forth in the judgment. The indictment charged Krueger with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and five kilograms or more of cocaine. The district court

dismissed the allegation in the indictment concerning Krueger's alleged involvement with cocaine. The judgment reflects that the jury convicted Krueger of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Accordingly, this matter is remanded to the district court for the limited purpose of correction of the clerical error in the judgment pursuant to FED. R. CRIM. P. 36.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.